AMERICAN SEATING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14676.   Promulgated November 16, 1928.

*Laurence Graves, Esq.,* and *A. Norman Young, C. P. A.,* for the petitioner.

*L. A. Luce, Esq.,* for the respondent.

330

332

334

OPINION.

SMITH: 1. The first point presented is whether the petitioner derived income of $20,024.24 in 1921 from the purchase of $91,000 par value of the bonds of the American School Furniture Co., which it acquired and incinerated during the year. The petitioner acquired the assets of this company in 1906. It did not assume the bonded indebtedness of the vendor company. The assets acquired were, however, subject to the mortgage given by the American School Furniture Co. It is the respondent's contention that by reason of the purchase of these bonds and the incineration of them it acquired taxable income in the amount stated.

The purchase of these bonds by the petitioner was a capital transaction. In *F. Tinker & Sons Co.*, 1 B. T. A. 799, we stated:

The liquidation of a liability of known or unknown amount assumed by a corporation as a part consideration for the purchase of assets is not an ordinary and necessary expense of doing business. It is a capital transaction. * * *

*A fortiori* the paying off of indebtedness secured by a lien on a taxpayer's property is a capital transaction. The payment represents a part of the cost of the assets. The petitioner derived no taxable income from the purchase of the bonds in 1921.

Even if it be considered that the bonds acquired were an obligation of the petitioner by reason of the fact that they were secured by a lien upon petitioner's assets, we are still of the opinion that the petitioner derived no income from the acquisition and incineration of the bonds. *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170; *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Independent Brewing Co. of Pittsburgh*, 4 B. T. A. 870; *New Orleans, Texas & Mexico Ry. Co.*, 6 B. T. A. 436; *Houston Belt & Terminal Ry. Co.*, 6 B. T. A. 1364.

2. In the instant proceeding the petitioner rested its case entirely upon the facts found by the Board in the earlier decision. Pursuing the course approved by the Board in *Union Metal Mfg. Co.*, 4 B. T. A. 287, and *Goodell-Pratt Co.*, 6 B. T. A. 1235, the petitioner introduced in evidence the findings of fact made by the Board in the prior case resting upon the *prima facie* case made thereby. The respondent introduced no controverting evidence but objected to the offer, insisting that the Board's findings were incompetent and further that they should be accompanied by the transcript of evidence upon which such findings were based.

In the prior proceeding, reported in 4 B. T. A. 287, we held that amounts paid for acquiring title to certain inventions represented by applications for patents and expenses incident thereto are capital expenditures and that they constituted elements of invested capital; also that the cost of developing and perfecting the manufacture of a newly designed product is a capital expenditure, and where such cost was so treated in the year in which it was incurred and was later charged off to surplus the taxpayer was entitled to reinstate the amount in surplus and include the same in invested capital. The respondent now urges that even assuming that the amounts were properly classified as capital expenditures in 1911, 1912, and 1915, as the Board held, it does not follow that they were still within invested capital in 1921. He urges that since the amount is sought by the petitioner to be included in invested capital by way of earned surplus, it is necessary for the petitioner to show that the earned surplus was in fact there in the taxable year.

We have carefully considered the findings of fact upon which the prior decision was based and we note that the situation with re-

spect to 1921 is not different from what it was with respect to 1920. The ruling made by the Board in the prior decision is controlling in the instant proceeding. Invested capital should be determined accordingly.

3. Upon the third point we think that the petitioner is correct. The Board, after hearing, decided that the correct tax liability of the petitioner for 1920 was $196,407.99. This is a final determination until judicially held otherwise. The respondent has contested this determination by instituting suit in the District Court. The case, however, has not yet come on for trial. In this stage of the proceeding we find no reason to act upon the assumption that the 1920 tax liability found by the Board must give way to that insisted upon by the Commissioner. *D. N. & E. Walter & Co.*, 10 B. T. A. 620. The reduction for 1920 taxes should be in the amount of $196,407.99.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN and MURDOCK dissent from the decision on the first and second issues.